SAVAGE ET AL., appellants, *v.* BURNS, respondent.

CONTRACT — *guaranty.* A. and B. became guarantors for C. on a bid to furnish supplies to a military post, by the terms of which they undertook that if the bid of C. was accepted, he would execute a contract with sufficient sureties to furnish the supplies advertised for at the terms bid, or in default thereof they would make good the difference between the bid of C. and that of the next lowest responsible bidder. C.'s bid was accepted but he failed to execute the contract. A. and B. when notified of the default without waiting for the contract to be awarded to the next lowest responsible bidder, undertook to carry it out on their own account, expended $2,000 in the attempt and failed. After the expenditure, C. promised to repay them this amount. Failing to do so, A. and B. bring suit for the $2,000, and set out the original contract of guaranty. *Held,* that C. was not liable to A. and B. for this sum under the terms of the guaranty, nor on his promise, which was without consideration

and void ; that A. and B. were still as much liable as ever under the original guaranty, and if compelled to pay thereon, they would have a good claim therefor against C., though he had repaid them the $2,000 claimed in this suit.

*Appeal from First District, Custer County.*

STREVELL & GARLOCK and R. P. VIVION, for appellants.

The complaint charges fraud on defendant, and the demurrer admits it. A promise by a wrong-doer to pay damages for injury done is a good consideration. *Beadle* v. *Whitlock*, 64 Barb. 287 ; 1 Addison on Torts (Deasley & Baylies' ed.) 18 ; *Chester* v. *Dickinson*, 52 Barb. 49 ; *Turner* v. *Jones*, 1 Lans. 147 ; *Law* v. *East India Co.*, 4 Ves. 824 ; Cooley on Torts, 482.

If the demurrer was wrongfully sustained the order of release and discharge of bail given on arrest was wrong.

F. K. ARMSTRONG and SAM. WORD, for respondent.

Complaint shows that plaintiffs sue for money expended in trying to fill a contract they were not obliged to fill, and one that their principal had not entered into.

A surety must have actually paid money on this obligation before he can sue his principal. *Powell* v. *Smith*, 8 Johns. 249 ; *Hayden* v. *Cabot*, 17 Mass. 169.

A past consideration will not support a promise unless shown to have been done by previous request. *Chaffee* v. *Thomas*, 7 Cow. 395 ; *Bartholomew* v. *Jackson*, 20 Johns. 28 ; 7 id. 87 ; 6 Wend. 647 ; 3 Pick. 257 ; 15 id. 159 ; 1 Pars. on Cont. 391–468.

The claim implies no contract in such a case. Story on Cont. § 475, and references ; 10 Johns. 243 ; 14 id. 192–378.

There was no error in discharging defendant from arrest and releasing him. The complaint showed no facts to warrant an order of arrest. 10 Cal. 418 ; 6 id. 57.

The expenses incurred by plaintiffs were not required by their contract of guaranty and were of no value to defendant.

WADE, C. J. This is an appeal from a judgment in favor of respondent, rendered upon demurrer to the complaint.

It appears by the averments of the complaint, that the chief quartermaster of the department of the Platte, for and on behalf of the United States, at Omaha, in the State of Nebraska, advertised for sealed proposals for furnishing certain military supplies, to be delivered at Fort McKinney, in the Territory of Wyoming. The respondent proposed in a bid made by him to furnish such supplies at certain rates, and the appellants became guarantors for him to the effect that if the respondent's bid was accepted by the government, he would execute a contract with sufficient sureties, binding himself to furnish the articles proposed in conformity with the advertisement, and the terms of the bid, and in default that the guarantors, these appellants, would make good the difference between the offer and bid by the respondent, and the next lowest responsible bidder, or the person to whom the contract might be awarded. It is further averred that the bid of the respondent was accepted by the government, and that he was duly notified thereof, and the contract for furnishing such supplies was duly awarded to him, but that the respondent, conspiring to injure and defraud the appellants, and in consideration of a certain sum of money to him paid by certain persons to the appellants unknown, failed and refused to enter into and execute to the United States a written contract with good and approved security for furnishing such supplies, as by the terms of his bid or proposal he was bound to do, and thereupon notified the said chief quartermaster that he would not execute such contract to furnish security for the performance of the same. Thereupon the chief quartermaster notified the appellants, the guarantors upon such bid, of the action of the respondent in refusing to enter into such contract or to furnish security for the performance thereof, and that they must either enter into and perform such contract according to the terms of the respondent's bid, or be held to make good the difference between the bid of the respondent and that of the next lowest bidder. Thereupon the guarantors undertook to furnish such supplies according to the terms of the respondent's bid, and in so doing incurred an expense of about $2,000, but after making a journey to Fort McKinney with teams, men and outfit preparatory to furnishing such supplies, gave up and

abandoned the undertaking, for the alleged reason that the supplies could not be had. It is further averred that the respondent being thereafter informed of this undertaking by his guarantors, and of the expense so incurred by them, promised to repay to them the amount of the same, but failing and neglecting so to do, they bring this action to recover the amount of such expenses.

1. The only question to be determined is, does the complaint state a cause of action against the respondent?

By the terms of the guaranty accompanying the bid of the respondent, the appellants obligated themselves to cause the respondent to enter into a written contract with the government of the United States, with sufficient sureties, to furnish the supplies named according to the terms of the bid, and in default thereof, that they would make good the difference between the bid of the respondent and that of the next lowest responsible bidder, or the person to whom the contract might be awarded. This was the whole extent of their obligation. They were not required to enter into or perform the contract that the respondent had promised to execute and perform. But in case of a default on the part of their principal, they were held and required to make good to the government the difference named, and only this. Their acts in undertaking to fill the contract were not compelled. Such acts were not contemplated by the terms of their guaranty, and were wholly outside of it. Being a mere voluntary experiment on their part and outside of the terms of the guaranty, their principal is not liable for their acts. By the terms of the proposal the respondent had the right to refuse to enter into the contract, and he was given ten days in which to exercise the right, which was subject only to the penalty of paying the difference between his bid and that of the next lowest responsible bidder, in case of a refusal. What reasons operated upon the mind of the respondent to cause him to refuse to enter into the contract are immaterial so long as he had the right so to refuse. It does not appear how the appellants were or could have been defrauded by such refusal. The allegation of fraud is a mere conclusion, and wholly insufficient to put us upon inquiry as to its effect if it had been properly pleaded.

2. The payment of the $2,000 having been made by the appellants for expenses incurred in a voluntary experiment of their own, not within the terms of the guaranty, it follows that the obligations of the guaranty remain unimpaired and in full force, and that these guarantors still remain liable to the government for the difference between the bid of the respondent and that of the next lowest bidder, and that if they should be compelled to pay the difference, they could then, and not till then, maintain an action against the respondent to recover the amount of the same. They have not been injured or damaged in consequence of their guaranty. They have not paid any thing whatever, because of their guaranty, and until they do so pay they cannot maintain an action against their principal. Liability to pay is not sufficient. They must actually pay before they can recover. Otherwise they might recover without paying, and never be compelled to do so. And if they could now recover this $2,000 from the respondent, he would still be liable to them for the amount of the difference between the bids, in case they were compelled to pay such difference. And so it follows that the money sued for in this action is entirely foreign to the guaranty upon which the suit is founded, and which fixes the rights and obligations of the parties thereto. It also follows that the alleged promise of the respondent, made after the said expenses had been incurred, to pay the amount of the same to appellants, was a promise without consideration and void.

The consideration was past. The expenses had been incurred before the promise was made. The respondent did not request the appellants to undertake to fill the contract. He did not request them to incur any expenses. By the terms of the guaranty he had no reason to know or to suspect that they would undertake to fill the contract and furnish the supplies.

The complaint does not state a cause of action, and the demurrer thereto was properly sustained.

3. The complaint being insufficient, the order for the arrest of the respondent was illegal, and his discharge from arrest should follow as a matter of course upon the sustaining of the demurrer.

The judgment is affirmed with costs.

*Judgment affirmed.*